UNITED STATES. v. BERRY et al.

(District Court, W. D. Virginia. September 12, 1899.)

1. NATIONAL BANKS—OFFENSES BY OFFICERS—INDICTMENT.
Where an officer of a national bank is charged with several offenses under Rev. St. § 5209, in making at different times false entries in the books, reports, or statements of the association, such offenses may be charged in different counts of the same indictment, as provided in Rev. St. § 1024, as "acts or transactions of the same class of crimes or offenses."

2. INDICTMENTS—COUNT AGAINST PRINCIPAL AND ACCESSORY—FORM.
A count of an indictment charging one person with the commission of an offense as principal, and another as aiding and abetting its commission, is not open to the objection that it constitutes two separate counts, one against each defendant, because the formal closing, "contrary to the form of the statute," etc., is used at the close of each charge. The charges in such case are properly joined in one count, and the use of the formula at the close of the charge against the principal is surplusage, and will be disregarded.

On Demurrer to Indictment.

T. M. Alderson, U. S. Dist. Atty.

Caskie & Coleman, B. T. Crump, and W. H. Mann, for defendants.

PAUL, District Judge. This is an indictment against T. D. Berry, the president of the First National Bank of Bedford City, Va., and C. L. Mosby, the cashier of said bank. The indictment charges the defendants with violating the provisions of section 5209, Rev. St., by making false entries in the books of said bank. The indictment charges 34 false entries, and contains 68 counts. In the first, third, and every other odd-numbered count, the defendants are charged jointly with committing the offense of making false entries in the reports of the association. In the second, fourth, and every other even-numbered count in the indictment, Charles L. Mosby, the cashier, is charged with the offense of making false entries in the reports of the association, and T. D. Berry, the president, is charged with aiding and abetting him therein. One of the odd-numbered counts will serve as an illustration of all the other odd-numbered counts, charging Berry, the president, and Mosby, the cashier, jointly, with committing the offense; and one of the even-numbered counts will illustrate all of the even-numbered counts, wherein Mosby, as cashier, is charged with making the false entry, and Berry, the president, with aiding and abetting Mosby, the cashier, in making the false entry:

"Third Count. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Thomas D. Berry and Charles L. Mosby heretofore, to wit, on the 5th day of March, 1895, at said Bedford City, in the district and circuit aforesaid, the said Thomas D. Berry being then and there president, and the said Charles L. Mosby being then and there cashier,

of a certain national banking association then and there known and designated as the First National Bank of Bedford City, Virginia, and which said association was theretofore established and then existing and doing business under and by virtue of the laws of the United States respecting national banks, unlawfully and feloniously did make in a certain report of the condition of the said association at the close of business on a certain date, to wit, on the day and year last aforesaid (which said report was then and there made to the comptroller of the currency in accordance with section 5211 of the Revised Statutes of the United States), a certain other false entry, under the head of 'Resources,' in said report, in the words and figures following, to wit, 'Item number 11, due from state and private banks and bankers, $34,376.68,' and which said entry so made as aforesaid then and there purported to show, and did in substance and effect declare, that the amount due from state and private banks and bankers to the said association was in the sum of $34,376.68. And the grand jurors aforesaid further say that said entry so made as aforesaid was false, in this. to wit, that the amount due said association from state and private banks and bankers as aforesaid was not in the sum last aforesaid, but in a different and much greater sum, to wit, the sum of $35,770; they, the said Thomas D. Berry, president, and the said Charles L. Mosby, cashier, as aforesaid, then and there, at the time and place of so making the said entry in said report as aforesaid, well knowing the said entry to be then and there false as aforesaid, and thereby intending to injure and defraud the said association and certain persons to the grand jurors unknown, and to deceive any officer or officers of said association, and any agent appointed by the comptroller of the currency to examine the affairs of said association, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said United States.

"Fourth Count. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Charles L. Mosby heretofore, to wit, on the 5th day of March, 1895, at said Bedford City, in the district and circuit aforesaid, the said Charles L. Mosby being then and there the cashier of the First National Bank of Bedford City, Virginia, and which said association was theretofore established and then existing and doing business under and by virtue of the laws of the United States respecting National Banks, unlawfully and feloniously did make, in a certain report of the condition of the affairs of the said association at the close of business on a certain date, to wit, on the day and year last aforesaid (which said report was then and there made to the comptroller of the currency in accordance with section 5211 of the Revised Statutes of the United States), a certain other false entry, under the head of 'Resources,' in said report, in the words and figures following, to wit, 'Item number 11, due from state and private banks and bankers, $34,376.68,' and which said entry so made as aforesaid then and there purported to show, and did in substance and effect declare, that the amount due from state and private banks and bankers to the said association was in the sum of $34,376.68. And the grand jurors aforesaid further say that said entry so made as aforesaid was false, in this, to wit, that the amount due to said association from state and private banks and bankers was not in the sum last aforesaid, but a different and much greater sum. to wit, the sum of $35,770; he, the said Charles L. Mosby, cashier as aforesaid, then and there, at the time and place of so making the said false entry in said report as aforesaid, well knowing the said entry to be then and there false as aforesaid, and thereby intending to injure and defraud the said association and certain persons to the grand jurors unknown, and to deceive any officer of the said association, and any agent appointed by the said comptroller of the currency to examine the affairs of said association, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States. And the grand jurors aforesaid, on their oaths aforesaid, do further present that the said Thomas D. Berry, being then and there president of the said association aforesaid, in the district and circuit aforesaid, heretofore, to wit. on the day and year last aforesaid, at said Bedford City, and within the jurisdiction of this court, unlawfully and feloniously, and with the intent aforesaid to injure and defraud the said association and certain persons to the grand jurors unknown, and to deceive any officer of said associa-

tion, and any agent appointed by the said comptroller of the currency to examine the affairs of said association, did aid, abet, incite, counsel, and procure the said Charles L. Mosby, cashier of said association, so as aforesaid to make said false entry in manner and form aforesaid, to do and commit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said United States."

The grounds of demurrer are thus stated by counsel for the defendants:

"That there is a fatal misjoinder, in that in some of the counts the defendants are charged jointly with offenses, and in other counts they are charged separately with a different offense or offenses; the rule being, as we understand it, that where there are two or more defendants, and two or more counts in an indictment, all of the defendants must be charged in each of the counts, and there cannot be united in one indictment a count against two or more, and, in the same indictment, a count against one of the defendants; such misjoinder of counts being fatal on demurrer, writ of error, and arrest of judgment."

The provision of section 5209, Rev. St., on which the indictment is based, is as follows:

"Every president, director, cashier, teller, clerk or agent of any association * * * who makes any false entry in any book, report or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association, and every person who with like intent aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned," etc.

The first question to be determined is whether the 34 distinct offenses committed by making as many false entries at different times in the books of the bank can all be embraced in one indictment, or are the offenses of such a character that they must be prosecuted under a separate indictment for each false entry?

Section 1024, Rev. St., provides:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offences which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The 34 false entries charged in the indictment are clearly "acts or transactions of the same class of crimes or offences." They are all covered by the same provision of section 5209, Rev. St. It is charged that the false entries were made by the same persons, the president and cashier of the bank, at different times, in the books of the same bank. The offenses are of the same grade, and the punishment is the same prescribed for each, and the offenses are provable by the same evidence; that is, by the false entries made in the books of the bank at different times. It is not difficult to find numerous decisions of the federal courts which hold that several offenses such as are charged in this indictment can be properly joined in one indictment, in separate counts, instead of having several indictments. If several indictments are found for several like offenses, the court can order them to be consolidated. There

can be no material difference in having several indictments for like offenses, which the court may order to be consolidated and disposed of in one trial, and having the same offenses set out in several counts of the same indictment.

The chief objection raised to the indictment by the demurrer is that in some of the counts T. D. Berry and Charles L. Mosby are charged jointly with the commission of certain offenses, and that in the same indictment Charles L. Mosby and T. D. Berry are charged separately and in distinct counts with having committed distinct offenses, not provable by the same evidence, and that they do not result from the same act or acts. This argument is based on the assertion that each of the even-numbered counts in the indictment, which charges Mosby, the cashier of the bank, with making a false entry, and Berry, the president of the bank, with aiding and abetting Mosby in making such false entries, is not a single count, but two distinct counts. Because the first paragraph of the count which charges Mosby, as the principal, has the conclusion, "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States," it is insisted for the defendants that this is a distinct and complete count. It is also insisted that the succeeding paragraph, which charges Berry with aiding and abetting Mosby, is also a distinct and complete count, inasmuch as it concludes, "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States." Each count is a separate and distinct charge, and is in effect a separate indictment. Clark, Cr. Proc. p. 288. That a principal and accessory can be included in the same indictment will not be questioned, and it is usual and proper to so proceed against them. Clark, Cr. Proc. p. 305 says:

"Where the principal and accessory before the fact are thus joined as such in the same indictment, the proper course is to first state the offense by the principal, and then aver that C. D. (the accessory), before the committing of the said felony and murder in form aforesaid, to wit, on, etc., did maliciously and feloniously incite, move, procure, aid, and abet the said A. B. (the principal) to do and commit the said felony in manner aforesaid, against the peace," etc.

This is uniformly the direction given by writers on criminal pleadings. The only difference between an indictment or count so drawn, and each of the even-numbered counts of the indictment in this case, is that the first part of the count, which charges the principal, concludes, "against the form," etc., "and against the peace and dignity of the United States." If the insertion of this conclusion had been omitted, the draftsman would have followed the form prescribed by the best writers on criminal pleading. This being so, the statement in the first paragraph of the count, that the offense is against the "form," etc., "and against the peace and dignity of the United States," need not have been inserted. These words constitute no part of the charge against the principal in the offense alleged, and the insertion was unnecessary. "It is not necessary to charge in the indictment anything more than is necessary to accurately and adequately express the offense, and, when unnecessary averments or

aggravations are introduced, they may be considered as surplusage, and as such disregarded." Whart. Cr. Pl. § 158. "The introduction of averments which are superfluous and immaterial will not render the indictment bad. If it can be supported without them, they will be rejected as surplusage." Clark, Cr. Proc. p. 178. In Frisbie v. U. S., 157 U. S. 160, 15 Sup. Ct. 586, the supreme court held that the omission to charge that the offense was contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States, is immaterial. Justice Brewer, delivering the opinion of the court, says:

"So far as respects the objection that the count does not conclude that the offense charged was 'contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States,' it is sufficient to say that such allegation, which is one of mere conclusion of law, is not of the substance of the charge, and the omission is of a matter of form, which does not tend to the prejudice of the defendant, and is therefore, within the rule of section 1025, Rev. St., to be disregarded."

In view of the authorities cited, the insertion at the end of the first paragraph in each of the even-numbered counts in the indictment of the words "against the form of the statute in such case made and provided, and against the peace and dignity of the United States" is mere surplusage, and will be disregarded. The grounds of objection stated to the indictment are untenable, and the demurrer will be overruled.