McKNIGHT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 11, 1901.)

No. 936.

1. NATIONAL BANKS—OFFENSES BY OFFICERS—INTENT AS ELEMENT.

Under Rev. St. § 5209, which makes it a criminal offense for an officer or agent of a national bank to do either of certain acts therein enumerated, "with intent in either case to injure or defraud the association," etc., such intent is an essential element of every offense therein specified, which must be charged in the indictment and proved.

2. SAME—PROSECUTION FOR EMBEZZLEMENT—INSTRUCTIONS.

Where the court, in a prosecution under Rev. St. § 5209, for embezzlement by an officer of a national bank, refused to charge, as requested, that the defendant could not be convicted unless the jury found that the acts of embezzlement were committed with intent to injure or defraud the bank, as charged in the indictment, but charged that the averment of such intent was surplusage, such action was reversible error, notwithstanding it defined embezzlement in the charge as the fraudulent appropriation by defendant of the funds of the bank to his own use.

In Error to the District Court of the United States for the District of Kentucky.

A. E. Richards and W. C. P. Breckenridge, for plaintiff in error.
R. D Hill, for the United States.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. This case, upon a former writ of error, was before this court at its October term, 1899, and is reported in 38 C. C. A. 115, 97 Fed. 208. At the second trial of the case the plaintiff in error was convicted upon two counts, numbered 39 in the indictment in case No. 5,782, and 2 in indictment in case No. 5,783. These counts severally charge McKnight with embezzlement of the funds of a bank. Upon the trial the court was requested to charge the jury that the defendant could not be found guilty unless the jury believed that the acts of embezzlement were committed with the fraudulent intent charged in the indictment. In both the counts under consideration the embezzlements were charged to be with the intent to injure and defraud the bank, in this respect using the language of section 5209, Rev. St. U. S., defining the offense. The court, however, refused so to do, being of the

opinion that the language of the statute requiring the criminal acts to be done with intent to injure or defraud the association did not apply to the offense of embezzlement.

This section (5209) undertakes to provide, in the first instance, for the acts of certain officers of the association,—president, director, cashier, teller, clerk, or agent,—whose acts are made criminal by the section. These acts are defined to include embezzlement, abstraction or willful misapplication of the moneys, funds, or credits of the association, or, without authority from the directors, issuing or putting in circulation the notes of the association, or, without such authority, issuing or putting forth any certificate of deposit, or drawing any order or bill of exchange, making any acceptance, assigning any note, bond, draft, bill of exchange, mortgage, judgment, or decree, or making any false entry in any book, report, or statement to the association, with intent, in either case, to injure or defraud the association, etc. "In either case" obviously includes all or any of the acts which have been previously denounced as criminal when done by one of the officers named, and one of them is embezzlement of the moneys, funds, or credits of the association. These acts are criminal only when done with the intent which the statute has made an essential element of the offense. This is the natural interpretation of the language used, and has been the uniform holding of the courts of the United States, in construing this section, so far as we are advised. U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520, in which case the supreme court said that the intention to injure and defraud is an essential ingredient to every offense specified in the section, and the failure to aver the intent is a fatal defect in the counts in which it occurs. To the same general effect are Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; Agnew v. U. S., 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624; U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664; U. S. v. Harper (C. C.) 33 Fed. 471; U. S. v. Youtsey (C. C.) 91 Fed. 864.

It is true that the court defined "embezzlement" as the fraudulent appropriation by an officer of a national bank of the funds of the bank which had been committed to his custody and care, and further told the jury that it must appear that McKnight fraudulently appropriated the money to his own use, in the one instance in order to bribe Britt and Reeder, and in the other to his own use as charged in the two counts of the indictment upon which the accused was being tried. It may be fairly argued that the fraudulent appropriation of the money of the bank intrusted to his charge would include the intent to injure or defraud the bank, to be inferred from such fraudulent appropriation of trust funds. In the same connection the court told the jury that, if the intent charged was necessary to be proved, the jury would be authorized to conclude that it was present from the fraudulent act of misappropriation of the money which constituted embezzlement. But, when the attention of the court was directly called to the necessity of proving the intention to injure or defraud the bank in order to work a conviction, the jury was told that it was merely surplusage to allege in the indictment

that the appropriation of the money was with intent to injure or defraud the association, and more than once the jury was told that it was unnecessary to allege or prove that the misappropriations in question were with intent to injure or defraud the bank. This charge negatives the inference that such intent is included in the fraudulent misappropriations which the court told the jury would constitute the crime. Undoubtedly the intent to injure or defraud may be inferred where such is the natural consequence of doing the prohibited act; for the law properly concludes, in the absence of circumstances negativing the inference, that one intends the natural consequences of his acts knowingly and intentionally done. But this rule, while it may suffice to define the measure of proof required to establish such wrongful intent, does not dispense with the necessity of proving its existence, where, as in the present case, it is made an essential element of the crime. The statute only makes the acts of the officers therein named criminal when done with the specific intent named. In charging the jury that the accused could be convicted without proof of the intent to injure or defraud, the court failed to give a proper construction to the terms of the statute, and permitted a conviction without proof of an element of the offense as defined in the statute. This conclusion renders it unnecessary to examine the other errors assigned.

It follows that the judgment must be reversed, and a new trial awarded.