## McCONKEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 19, 1909.)

### No. 3,013.

1. **CONSPIRACY (§ 43*)—FEDERAL STATUTE—INDICTMENT.**

An indictment, under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to commit an offense under section 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696), by devising a scheme to defraud intended to be carried out by the use of the mails, must charge a conspiracy to commit acts which, if committed, would constitute an offense under the latter section; but it need not charge separately that defendants specifically conspired to commit each element of the offense.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 91; Dec. Dig. § 43.*]

2. **POST OFFICE (§ 35*)—"SCHEME TO DEFRAUD"—ELEMENTS OF OFFENSE.**

To constitute a "scheme to defraud" to be carried out by the use of the mails, in violation of Rev. St. § 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696), it is not necessary that the scheme should be fraudulent on its face; but, although it is apparently a legitimate business, it is within the statute if there was an intention not to conduct such business honestly, but to use it to defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 7, p. 6342.]

3. **CONSPIRACY (§ 43*)—FEDERAL STATUTE—INDICTMENT.**

An indictment, under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to use the mails to defraud, in violation of section 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696), considered, and *held* to sufficiently describe the offense which defendants conspired to commit.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 96; Dec. Dig. § 43.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In Error to the District Court of the United States for the District of Minnesota.

Arnold L. Guesmer (Rome G. Brown and Charles S. Albert, on the brief), for plaintiff in error.

Charles C. Houpt, U. S. Atty., and E. S. Oakley, Asst. U. S. Atty.

Before SANBORN, Circuit Judge, and CARLAND and POLLOCK, District Judges.

CARLAND, District Judge. McConkey was convicted in the trial court for having violated the provisions of section 5440, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3676), in conspiring to commit the offense

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

denounced by section 5480, Rev. St. U. S., as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696). To reverse the judgment of conviction he has sued out a writ of error from this court, and assigns as the only ground for reversal that the indictment against him and others does not state facts sufficient to constitute a public offense against the laws of the United States. The points raised were saved in the trial court both by demurrer and motion in arrest.

We think most of the objections to the indictment arise by reason of failure on the part of counsel to appreciate the fact that McConkey was not indicted for violating the provisions of section 5480, and that it was not necessary, in order to convict him under section 5440, to show a completed offense under said section 5480. The language of the indictment, other than matters of form, is as follows:

"The grand jurors of the United States of America, within and for said district and division, in the name and by authority of the said United States of America, upon their oath present that heretofore, to wit, on or about the 1st day of September, A. D. 1907, and prior to all the days and dates hereinafter mentioned, James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey, whose true Christian name is to the grand jurors unknown, all late of the city of Minneapolis, in the county of Hennepin, in the state and district of Minnesota and Fourth division thereof, and within the jurisdiction of this court, did then and there unlawfully, wrongfully, feloniously, and knowingly conspire, combine, confederate, and agree together to commit the acts made an offense and crime against the United States by section 5480 of the Revised Statutes of the United States, and the acts amendatory thereof, that is to say: That the said persons and each of them did then and there conspire, combine, confederate, and agree together in devising and intending to devise a certain scheme and artifice to defraud divers persons to the grand jurors unknown, to be effected through and by means of the post office establishment of the United States, which said scheme and artifice to defraud was as follows, to wit: That the said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey should associate themselves together as wholesale and retail dealers in certain merchandise and farm produce, under the firm name and style of the Nicollet ·Creamery Company, in the said city of Minneapolis, Minnesota, and that the said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey should induce said divers persons un- . known as aforesaid to send to them, as the said Nicollet Creamery Company, shipments of merchandise and farm produce upon the representations made by them, the said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey, as the said Nicollet Creamery Company, that they would purchase and pay for such merchandise and farm produce, and in case such merchandise and farm produce should be sent by said divers persons aforesaid, and received by· them, the said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey, as the said Nicollet Creamery Company, not to pay them for such merchandise and farm produce, but to fraudulently convert the same to the use and benefit of them, the said James Mulhall, Felix Nathanson, Charles B. ·Gregg, and E. V. McConkey, and thereby defraud the divers persons aforesaid so sending such merchandise and farm produce out of the value of the same, which said scheme and artifice to defraud, so devised as aforesaid, was, as a part thereof, at the time of the devising thereof and afterwards, intended by the said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey to be effected by opening correspondence and com- . munication with those divers persons unknown as aforesaid through and by means of the post office establishment of the United States, and by inciting those persons unknown as aforesaid to open communication with them, the said Nicollet Creamery Company, through and by means of the post office establishment of the United States; and said James Mulhall, Felix Nathanson, Charles B. Gregg, and E. V. McConkey, as a part of the said conspiracy,

and for the purpose of effecting the object of said conspiracy to defraud in the manner aforesaid, did, at said city of Minneapolis, Minnesota, on the 13th day of October, 1907, wrongfully, unlawfully, knowingly, and feloniously deposit and cause to be deposited in the post office of the United States, at the said city of Minneapolis, Minnesota, for mailing and delivery through and by means of the post office establishment of the United States, a certain circular letter or writing, which said letter or writing was then and there inclosed in a sealed envelope, postage paid thereon, and addressed to 'Mr. C. A. Albert, Banner, Ch. Fact, New Richmond, Wis.,' which said circular cannot be and is not fully set forth in this indictment by reason of its great length, but was a certain circular or price list entitled: 'Minneapolis Fruit and Produce Market. Official quotations of the Minneapolis Produce Exchange, Published Daily'—and being of and for the date of Saturday, October 12, 1907."

The indictment then proceeds to set forth other overt acts, consisting of the deposit of other circular letters and advertisements in the United States post office at Minneapolis, Minn., inviting the persons to whom said advertisements were addressed to send to the Nicollet Creamery Company butter, eggs, and live poultry, and promising in said advertisements to pay therefor the top market price on day of arrival.

In Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667, it is said that under section 5480, Rev. St. U. S., three·matters of fact must be charged in the indictment and established by the evidence: (1) That the persons charged must have devised a scheme or artifice to defraud. (2) That they must have intended to effect this scheme by opening or intending to open correspondence with some other persons through the post office establishment, or by inciting such other person to open communication with them. (3) That in carrying out such scheme such person must have either deposited a letter or packet in the post office or taken or received one therefrom. It is also said in the same case that a conspiracy to commit such offense must state a combination between the defendants to do the three things requisite to constitute the offense.

In United States v. Britton, 108 U. S. 204, 2 Sup. Ct. 534, 27 L. Ed. 698, it is said:

"The offense charged in the counts of this indictment is a conspiracy. This offense does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus pœnitentiæ, so that, before the act done, either one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute. It follows as a rule of criminal pleading that, in an indictment for conspiracy under section 5440, the conspiracy must be sufficiently charged, and that it cannot be aided by the averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy. Reg. v. King, 7 Q. B. 782; Commonwealth v. Shedd, 7 Cush. (Mass.) 514."

The language quoted from the Stokes Case as to the necessary averments in an indictment under section 5440 for a conspiracy to commit an offense under section 5480 simply means that the acts which the indictment charges the defendants with having conspired to commit must, if committed, have constituted an offense under said section 5480. It does not mean that it must be distinctly and separately charged in the indictment that the defendants conspired to commit each element of the offense; such elements being separately stated.

In view of the principles above stated, we take up the objections made by counsel to the indictment.

It is first objected that the scheme described therein represents an actual business, and therefore not a scheme to defraud. It may be true that the scheme described in the indictment represents an actual business; but if, as alleged, it was the intention of the defendants to convert the property of others which should be sent them in pursuance of their invitation to their own use and benefit, and to defraud the owners thereof out of the same, then the scheme was no less a scheme to defraud merely because the means used to obtain the property of others were honest and fair on their face. Indeed, it was necessary, in order to deceive, that the scheme upon its face should appear to be honest. It would make little difference with the person defrauded whether the means used to defraud him were criminal or whether they were apparently lawful. It has been held in the following cases that, no matter how seemingly fair and honest a scheme may be, if the purpose of the scheme is to defraud, it is within the statute: Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; United States v. Loring (D. C.) 91 Fed. 881; Lemon v. United States, 164 Fed. 953, 90 C. C. A. 617; Miller v. United States, 133 Fed. 341, 66 C. C. A. 399.

The point most seriously urged against the indictment is that it nowhere alleges that the defendants conspired to commit the third element of the offense denounced by section 5480; that is, the indictment does not allege, as is claimed, that the defendants conspired, combined, confederated, and agreed together that, in carrying out the scheme to defraud described in the indictment, they would deposit a letter or packet in the post office or take or receive one therefrom. In considering this objection we will lay aside the allegations of the indictment in relation to the overt acts, as being sources from which we cannot obtain assistance to aid the charge of conspiracy. There then remains the direct charge that the defendants conspired, combined, confederated, and agreed to devise a scheme to defraud, which scheme is described and shown to be one that would defraud. It is then alleged that said scheme to defraud was as a part thereof at the time that it was so devised, intended by the defendants to be effected by opening correspondence and communication with divers persons through and by means of the post office establishment of the United States, and by inciting divers persons to open communication with them through the post office establishment of the United States. This language is beyond all question broad enough, not only to charge that the scheme was to be effected by opening correspondence through the post office establishment of the United States, but also to charge that defendants intended, in carrying out or executing such scheme, to deposit or cause to be deposited a letter or packet in the post office of the United States, or to receive or take one therefrom.

It must be borne in mind that the defendants are not charged with actually committing the offense described in section 5480, but that they conspired, combined, confederated, and agreed to commit it. Hence it follows that it was unnecessary to charge that defendants actually

committed an offense under said section, but only to charge that they conspired, combined, and confederated and agreed to commit certain acts, which, if committed, would be an offense under the same. It also happens in this case that the overt acts set out in the indictment, and which must exist to render the conspiracy punishable under section 5440, constitute the real offense punishable under section 5480; but any act of any one or more of the conspirators done in execution of the conspiracy would have been just as competent to plead, whether connected with the post office or not. Whether the Supreme Court in the Stokes Case intended in any way to modify the general rule of criminal pleading that the charge of conspiracy cannot be aided by the averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy it is not necessary to determine, as we are clearly of the opinion that either under the rule stated in United States v. Britton, supra, or under what seems to be the holding in Stokes v. United States, supra, the defendant in the indictment under consideration was sufficiently informed of the charge made against him, and that, therefore, the indictment is not subject to the objections made by counsel for plaintiff in error.

In Thomas v. United States, 156 Fed. 906, 84 C. C. A. 486, 17 L. R. A. (N. S.) 720, this court, in speaking in reference to the particularity required in an indictment charging a conspiracy to commit an offense against the United States, used the following language:

"All facts necessary to constitute the conspiracy, including the overt act, must be averred with all the particularity required in criminal pleadings, because the conspiracy is the crime with which the defendants stand charged, and with the nature and character of which they, under constitutional safeguards, are entitled to be advised. But when the conspiracy charged is one to commit an offense, and that offense (as in the case of all offenses against the United States) is clearly defined by statute, no high degree of particularity is required in describing it. If enough is shown to make it appear that an offense against the United States has been committed, it is sufficient."

In Williamson v. United States, 207 U. S. 447, 28 Sup. Ct. 171, 52 L. Ed. 278, it is said:

"But, in a charge of conspiracy, the conspiracy is the gist of the crime, and certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."

To the same effect is Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. ——.

We think there was no error committed by the court below in overruling the demurrer or refusing to arrest the judgment.

The judgment therefore is affirmed.