### UNITED STATES v. ROGERS et al.

(District Court, N. D. New York. October 11, 1915.)

1. CONSPIRACY ⬿27—CRIMINAL LIABILITY—OVERT ACT.

The commission of conspiracy is not complete until one or more of the conspirators do some overt act or acts in execution or furtherance of the conspiracy, which acts may be innocent in and of themselves, or criminal acts in their very nature or by virtue of some statute of the United States.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Dec. Dig. ⬿27.]

2. CONSPIRACY ⬿43—INDICTMENT—OVERT ACTS.

An indictment for conspiracy must plainly and distinctly set out the overt acts, or some of them, and if the conspiracy be that one was to do the overt act, and that the other should aid and abet him, the indictment necessarily and properly charges what each was to do.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬿43.]

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3.** INDICTMENT AND INFORMATION 125—FEDERAL STATUTE—DUPLICITY—CONSPIRACY.

Rev. St. § 5209 (Comp. St. 1913, § 9772), provides that a teller who embezzles, abstracts, or willfully misapplies any of the funds of the bank, with intent to injure or defraud, and every person who with like intent aids or abets him in any such act, shall be guilty of a misdemeanor. Penal Code (Act March 4, 1909, c. 321), § 332, 35 Stat. 1152 (Comp. St. 1913, § 10506), provides that whoever directly commits any act constituting an offense defined in any law of the United States, or aids or abets its commission, is a principal. An indictment charged a conspiracy between defendants to commit an offense against the United States, in that one of them, acting as teller in a national bank, would abstract its funds, and that the other defendants would aid and abet him in so doing. *Held* that, while it was unnecessary to allege that the overt act constituted a crime, the rule against duplicity did not prohibit the charging of overt acts in and of themselves crimes, or a statement that such acts of themselves constituted a crime, since the conspiracy to commit a crime against the government and the commission of the crime are separate and distinct crimes, and since, if the proof failed to establish the conspiracy, the whole count fails, and a defendant could not be convicted under a conspiracy count on a showing that he had committed the acts charged therein as an overt act.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig §§ 334–400; Dec. Dig. 125.]

**4.** CONSPIRACY 37—DEFENSES.

The fact that conspirators, in doing acts to execute the conspiracy actually commit the crime which they conspired to commit, is no defense to the charge of conspiracy.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 68–70; Dec. Dig. 37.]

**5.** INDICTMENT AND INFORMATION 125—DUPLICITY—CONSPIRACY.

An indictment for conspiracy to commit an offense against the United States, charging that one of the defendants, as teller of a national bank, abstracted, misapplied, and embezzled moneys, and in each of such counts charging that the other defendants aided and abetted such acts, was not bad for duplicity, since, under Penal Code, § 332, one aiding and abetting an offense against the United States becomes a principal and commits the same crime.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. 125.]

Howard J. Rogers, Baron Eugene Francois Oppenheim, and Richard Murphy, impleaded with William Brice, were indicted for conspiracy, etc. On motion of defendants Rogers, Oppenheim, and Murphy to dismiss and quash each count of the indictment, and to discharge them, on the ground that each and every count charged two separate and distinct offenses, punishable under separate and distinct provisions of law. Objections overruled, and motion to dismiss denied.

Wrisley Brown, Asst. Atty. Gen., and Frank J. Cregg, Asst. U. S. Atty., of Syracuse, N. Y., for the United States.

Chas. N. Bulger, of Oswego, N. Y., for defendant Murphy.

Costello, Burden, Cooney & Walters, of Syracuse, N. Y., for defendants Oppenheim and Rogers.

RAY, District Judge. Section 5209 of the Revised Statutes of the United States, as amended April 6, 1869 (16 Stat. 7, c. 11), and July

8, 1870 (16 Stat. 195, c. 226), now found in Comp. St. 1913, § 9772, reads, as follows:

"Every president, director, cashier, teller, clerk, or agent of any association, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk, or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

The first count of this indictment in plain and unmistakable language charges a conspiracy between the defendants to commit an offense against the United States; that is, to do acts constituting a crime, and made such by a law of the United States. The conspiracy was that one Brice, acting as teller in the First National Bank of Amsterdam, should abstract its funds, and that Rogers, Oppenheim, and Murphy should aid and abet him in so doing. It is a crime against the United States for the teller in a national bank to abstract its funds, or any of them; and it is a crime against the United States for other persons to aid and abet him in so doing. And all are principals. Penal Code U. S. § 332:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

[1, 2] If the conspiracy be that the teller shall do the abstracting, and that the others shall aid and abet, the indictment necessarily and properly charges what each was to do. But the commission of the crime of conspiracy is not complete until one or more of the conspirators does some act or acts in execution or furtherance of the conspiracy. These acts are called "overt acts," and may be innocent acts in and of themselves, or criminal acts in their very nature or by virtue of some statute of the United States. The overt acts, or some of them, must be set out plainly and distinctly in the indictment.

[3] If the overt acts are made criminal by some law of the United States, it is no objection to the validity of the indictment that it charges that such overt acts, and each of them, was committed in violation of a section of the criminal laws of the United States, provided each is charged as an overt act. It is unnecessary to allege that the overt act constituted a crime, but it does not invalidate the indictment to charge that one defendant, or two or more, in doing the act or acts in aid and execution of the conspiracy and expressly charged as an overt act, thereby violated another criminal statute of the United States. Such allegation or statement is, of course, unnecessary and surplusage. If the proof fails to establish the conspiracy, the whole count fails, and a defendant cannot be convicted under such con-

spiracy count for the reason the proof shows he had committed the act charged therein as an overt act, and which in fact constitutes a separate and distinct crime, even if the indictment alleges that such overt act constituted a criminal offense.

The rule prohibiting the charging of two separate and distinct crimes in the same count does not go so far as to prohibit in a conspiracy count the charging of overt acts which are in and of themselves crimes, or prohibit a statement that such overt acts of themselves constituted a crime. If the conspiracy is plainly and distinctly charged, and the overt acts are plainly and distinctly charged as such, it does not invalidate the count to unnecessarily allege that the doing of the overt acts violated a statute of the United States.

It has been held that a conspiracy count in an indictment is not bad for the reason that, in charging overt acts, it appears that the crime which the defendants conspired to commit was actually committed by them. Stanley v. United States, 195 Fed. 896, 115 C. C. A. 584; McConkey v. United States, 171 Fed. 829, 96 C. C. A. 501. The conspiracy to commit a crime against the United States and the commission of the offense are separate and distinct crimes.

[4] However, if in doing acts to carry the conspiracy into execution the crime the defendants conspired to commit is actually committed by the conspirators, or one of them, such acts may be charged as overt acts, and the fact that the crime they conspired to commit has been actually perpetrated by them is no defense to the charge of conspiracy. Stanley v. United States, 195 Fed. 896, 902, 115 C. C. A. 584; McConkey v. United States, 171 Fed. 829, 96 C. C. A. 501; United States v. Britton, 108 U. S. 199, 204, 2 Sup. Ct. 531, 27 L. Ed. 698.

[5] Other counts of this indictment charge that Brice, the teller of the bank, abstracted the moneys or funds of the bank; other counts that he misapplied the moneys or funds of the bank; and other counts that he embezzled the moneys or funds of the bank. Each of these counts also charges that Rogers, Oppenheim, and Murphy aided and abetted Brice in such abstraction, or misapplication, or embezzlement, as the case may be. In Prettyman v. United States, 180 Fed. 30, 35, 103 C. C. A. 384 (C. C. A., Sixth Circuit), it was expressly held:

"Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), provides that every president, director, cashier, teller, clerk, or agent of any national banking association who willfully misapplies any of its funds with intent to injure or defraud the association, and every person who with like intent aids or abets any officer, clerk, or agent in any violation of the section shall be deemed guilty of a misdemeanor. *Held,* that under such section it is proper to join in a single count of the indictment a charge of willful misapplication of the bank's funds by its officers and a charge that the other defendants aided and abetted them therein, and that such joinder did not render the indictment demurrable for duplicity."

See, also, United States v. Berry (D. C.) 96 Fed. 842, 845, where it was held:

"The chief objection raised to the indictment by the demurrer is that in some of the counts T. D. Berry and Charles L. Mosby are charged jointly with the commission of certain offenses, and that in the same indictment Charles L. Mosby and T. D. Berry are charged separately and in distinct

counts with having committed distinct offenses, not provable by the same evidence, and that they do not result from the same act or acts. This argument is based on the assertion that each of the even-numbered counts in the indictment, which charges Mosby, the cashier of the bank, with making a false entry, and Berry, the president of the bank, with aiding and abetting Mosby in making such false entries, is not a single count, but two distinct counts. Because the first paragraphs of the count which charges Mosby, as the principal, has the conclusion, 'contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States,' it is insisted for the defendants that this is a distinct and complete count. It is also insisted that the succeeding paragraph, which charges Berry with aiding and abetting Mosby, is also a distinct and complete count, inasmuch as it concludes, 'contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.' Each count is a separate and distinct charge, and is in effect a separate indictment. Clark, Cr. Proc. p. 288. That a principal and accessory can be included in the same indictment will not be questioned, and it is usual and proper to so proceed against them. Clark, Cr. Proc. p. 305, says: 'Where the principal and accessory before the fact are thus joined as such in the same indictment, the proper course is to first state the offense by the principal, and then aver that C. D. [the accessory], before the committing of the said felony and murder in form aforesaid, to wit, on, etc., did maliciously and feloniously incite, move, procure, aid, and abet the said A. B. [the principal] to do and commit the said felony in manner aforesaid, against the peace,' etc. This is uniformly the direction given by writers on criminal pleading. The only difference between an indictment or count so drawn, and each of the even-numbered counts of the indictment in this case, is that the first part of the count, which charges the principal, concludes, 'against the form,' etc., 'and against the peace and dignity of the United States.' If the insertion of this conclusion had been omitted, the draftsman would have followed the form prescribed by the best writers on Criminal Pleading. This being so, the statement in the first paragraph of the count, that the offense is against the 'form,' etc., 'and against the peace and dignity of the United States,' need not have been inserted. These words constitute no part of the charge against the principal in the offense alleged, and the insertion was unnecessary. 'It is not necessary to charge in the indictment anything more than is necessary to accurately and adequately express the offense, and, when unnecessary averments or aggravations are introduced, they may be considered as surplusage, and as such disregarded.' Whart. Cr. Pl. § 158. 'The introduction of averments which are superfluous and immaterial will not render the indictment bad. If it can be supported without them, they will be rejected as surplusage.' Clark, Cr. Proc. p. 178. In Frisbie v. U. S., 157 U. S. 160, 15 Sup. Ct. 586 [39 L. Ed. 657] the Supreme Court held that the omission to charge that the offense was contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States, is immaterial. Justice Brewer, delivering the opinion of the court, says: 'So far as respects the objection that the count does not conclude that the offense charged was "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States," it is sufficient to say that such allegation, which is one of mere conclusion of law, is not of the substance of the charge, and the omission is of a matter of form, which does not tend to the prejudice of the defendant, and is therefore, within the rule of section 1025, Rev. St., to be disregarded.' In view of the authorities cited, the insertion at the end of the first paragraph in each of the even-numbered counts in the indictment of the words 'against the form of the statute in such case made and provided, and against the peace and dignity of the United States' is mere surplusage, and will be disregarded. The grounds of objection stated to the indictment are untenable; and the demurrer will be overruled."

It is evident, it seems to me, that there must be a principal offense, that of abstraction by A., and that this must be charged in the count, and that then the same count must charge B., or B. and C., as the

case may be, with aiding and abetting A. in such abstraction. Otherwise, the count would be fatally defective as against B., or B. and C. All are principals, and in fact but one crime is charged. A count in an indictment so framed can in no way prejudice the defendants. On the other hand, it gives them full and precise information as to the charge made. When, in charging certain defendants with the commission of a crime, such as conspiracy, it becomes necessary to set out that one of them committed another crime, the count cannot be held bad for duplicity. Where some aid and abet others in the commission of a crime against the United States, all are principals, as we have seen; but the count must state what such defendant did in the commission of the offense—that is, which did the abstraction or misapplication, and which aided and abetted. Here Rogers, Oppenheim, and Murphy, who were entirely outside the bank, not connected with it, could not commit the offense charged, that of embezzlement, misappropriation, or misapplication, except by aiding and abetting Brice, who was the teller or clerk in the bank, in doing what he did. In aiding and abetting Brice, they became principals in the commission of the offense, and the Penal Code so declares.

I demur to the claim that the aiding and abetting of an officer or clerk in a bank to abstract, misapply, or embezzle its funds is a separate and distinct crime committed by the one or ones who aid and abet. The one who with necessary intent embezzles, or abstracts, or misapplies, as the case may be, commits a crime, and he who aids and abets him in so doing, while the acts done by each to accomplish the offense and their relations to the bank differ, commits the same crime, and both are principals in the commission of that particular crime.

The objections to count 1 of the indictment, the conspiracy count, are overruled and the motion to dismiss denied. So of the other counts.