### CUMMINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1916.)

No. 4530.

1. BANKS AND BANKING ⬅️256(3)—OFFENSES—INTENT.

Under Rev. St. § 5209 (Comp. St. 1913, § 9772), declaring that every clerk of any national banking association who abstracts any of the credits of the association with intent to injure or defraud, and every person who with like intent aids or abets any clerk, shall be guilty of a misdemeanor, the intent of accused to injure, defraud, or deceive by the abstraction of credits is an essential element of the offense.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 964; Dec. Dig. ⬅️256(3).]

2. CRIMINAL LAW ⬅️390—EVIDENCE—INTENT.

Where the intent with which accused aided a clerk of a national bank to abstract credits was material, in a prosecution therefor, accused may testify as to his intent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 858; Dec. Dig. ⬅️390.]

3. BANKS AND BANKING ⬅️257(4)—JURY QUESTION—INTENT.

While the law presumes that every person intends the natural consequence of his acts knowingly committed, the question whether accused, who participated in a clerk's abstraction of credits from a national banking association, intended to injure or defraud the association, and so was guilty of aiding and abetting, under Rev. St. § 5209 (Comp. St. 1913, § 9772), is a question for the jury in connection with other evidence, and cannot be decided by the court as a matter of law, and therefore an instruction that accused is conclusively presumed to have intended to injure the association by reason of the abstraction is erroneous.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 965; Dec. Dig. ⬅️257(4).]

4. CRIMINAL LAW ⬅️753(3)—TRIAL—INSTRUCTIONS.

In a criminal prosecution, the court cannot peremptorily instruct the jury to find accused guilty, and an instruction which in effect requires a conviction is improper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1728, 1729; Dec. Dig. ⬅️753(3).]

5. CRIMINAL LAW ⬅️907—TRIAL—ACQUITTAL.

An acquittal cannot be set aside by the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2130; Dec. Dig. ⬅️907.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William H. Cummins was convicted of crime, and he brings error. Reversed and remanded.

George W. Murphy, E. L. McHaney, and Wallace Townsend, all of Little Rock, Ark., for plaintiff in error.

W. H. Martin, U. S. Atty., of Hot Springs, Ark., and W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark.

Before HOOK and SMITH, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. [1] Cummins was convicted of aiding and abetting a clerk of a national bank to violate section 5209, Rev. Stat. (Comp. St. 1913, § 9772), by abstracting therefrom without payment certain drafts and attached bills of lading with intent to injure and defraud the bank and to deceive its officers and any agent appointed to examine its affairs. The section so far as applicable is as follows:

"Every * * * clerk * * * of any (national banking) association who * * * abstracts * * * any of the * * * credits of the association * * * with intent * * * to injure or defraud the association * * * or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any * * * clerk * * * in any violation of this section, shall be deemed guilty of a misdemeanor. * * *"

[2] This statute expressly makes the intent of the bank clerk to injure or defraud or deceive and the like intent of the person aiding or abetting him an essential element of the offense. Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624; McKnight v. United States, 49 C. C. A. 594, 111 Fed. 735; Id., 54 C. C. A. 358, 115 Fed. 972. The accused was the cashier and bookkeeper of a commission company which had dealings with the bank. His defense, on which evidence was offered and received, was that he was following in good faith the instructions of his superiors in the commission company in a course of business conduct that previously existed and of which he believed the bank was cognizant; also that he had no intent to injure or defraud the bank or to deceive any one in the examination of its affairs. When the accused was testifying in his own behalf his counsel asked him:

"What intent, if any, had you to injure or defraud the bank or to deceive its officers or any one examining into its affairs?"

The question was excluded upon objection by counsel for the government. The rule long settled in this country, almost without exception, is that, whenever the motive or intent of an act or the conduct of a person is material he may testify directly what it was. He may be asked whether he had the motive or intent in question. It is contended that another question of substantially the same character was allowed and answered, but it is doubtful that it was of the same full import.

[3] By several requests variously phrased the accused sought instructions setting forth his defense as above noted and that if the jury believed it they should find him not guilty; also that in order to convict him it was necessary that the evidence show that the acts of the bank

clerk were with the intent charged and that the aiding and abetting therein by the accused were with like intent. The trial court refused the requests, and instead charged the jury as follows:

"In determining the intention of the defendant so far as the bank is concerned, it is not necessary that the government should show that he expected to be benefited by it, or that he had any intention of his own to defraud the bank. The law presumes that every person intends to do that which is the natural result of his actions. If a man obtains property or securities from any person by means of a worthless check, he knowing that the check was worthless, because he had no money in the bank on which it was drawn, the fact that he intends to make it good at a future day and put the money in there to meet it or take it up, would not relieve him of responsibility for having passed that worthless check. That is no excuse. Every person, under the law, is held responsible for what, as a reasonable man, he must have known would be the result of his act; that is, if a check is drawn on a bank with no money to his credit, and the bank clerk to whom it is given is told not to present it, because 'I have no money in there, but I will put in the money,' and by reason thereof he obtains unlawfully possession of property of value, which otherwise he could not obtain, in this instance, the bills of lading, the law will not accept his excuse for the offense that he did not intend to wrong or defraud any one."

The law presumes that every person intends the natural consequences of his act knowingly committed, but in a case like this, in which a specific intent accompanying the act is a necessary element of the offense charged, the presumption is not conclusive, but is probatory in character. It is for the consideration of the jury in connection with the other evidence upon the subject. This question was fully considered by Mr. Justice Day, when Circuit Judge, in the McKnight Case, above cited, which, like the case at bar, arose under section 5209, Rev. Stat. (Comp. St. 1913, § 9772). See particularly the discussion in 115 Fed. 972, 54 C. C. A. 358, 360. Of course a jury, in the absence of other evidence, would be authorized to infer the intent from the character and natural consequence of the act; but even then the ultimate finding is for the jury, not the court. We do not think the prejudice caused by the refusal of the definite requests and by the giving of the instruction above quoted was cured by other parts of the general charge. The dominant note of the general charge appears in the quotation.

[4, 5] Counsel for the government argue that the evidence of the intent was conclusive, and that therefore the court could properly tell the jury as matter of law that the intent had been proved. What has been said shows the premise of fact to be unwarranted. Practically the whole controversy at the trial was over the intent of the accused, and if the court might properly have instructed the jury that the evidence was legally conclusive against him, it could as well have directed a verdict of guilty in so many words. In Sparf and Hansen v. United States, 156 U. S. 51, 105, 15 Sup. Ct. 273, 294, 39 L. Ed. 343, it was said:

"We have said that, with few exceptions, the rules which obtain in civil cases in relation to the authority of the court to instruct the jury upon all matters of law arising upon the issues to be tried, are applicable in the trial of criminal cases. The most important of those exceptions is that it is not competent for the court, in a criminal case, to instruct the jury peremptorily to find the accused guilty of the offense charged or of any criminal offense less than that charged."

In United States v. Taylor (C. C.) 11 Fed. 470, 3 McCrary, 500, the court said:

"It would be a useless form for a court to submit a civil case involving only questions of law to the consideration of a jury, where the verdict, when found, if not in accordance with the court's view of the law, would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the court's opinion of the law. But not so in criminal cases. A verdict of acquittal cannot be set aside; and therefore, if the court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly."

Upon the question of the intent required under section 5209, Rev. Stat. (Comp. St. 1913, § 9772), the inferences to be drawn from the evidence are "peculiarly within the province of the jury." Coffin v. United States, 162 U. S. 664, 674, 16 Sup. Ct. 943, 40 L. Ed. 1109. Other matters complained of may not arise again, and therefore have not been considered.

The sentence is reversed, and the cause is remanded for a new trial.