## SHADDY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
January 17, 1929.

No. 8110.

Philip Hornbein, of Denver, Colo. (Theodore Epstein, of Denver, Colo., on the brief), for plaintiff in error.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. Kelly J. Shaddy was indicted and convicted under three counts of an indictment which charged him and George J. Shaddy with violations of section 215 of the Penal Code (18 USCA § 338). He assigns error upon the giving and refusal of instructions to the jury.

The indictment charges that the defendants under the name of the Shaddy Mercantile Company devised a scheme to defraud a millinery company and other companies by inducing them to sell and deliver merchandise on credit to the defendants upon representations consisting of statements knowingly and willfully made that the assets, surplus, and annual sales of that company were greatly in excess of, and its liabilities were much less than, the actual amounts thereof, and for the purpose of executing the scheme they mailed on January 11, 1926, such false statements to the millinery company and to two mercantile agencies for communication to the companies.

At the trial of the case, there was testimony that the statements were received by the millinery company and the mercantile agencies, the books of the Shaddy Company showed its assets to be far less and its liabilities far greater than was shown by the statements, and on March 2, 1926, the defendants filed with the secretary of state of Colorado a report signed and acknowledged by them in which likewise the assets of the company appeared to be less and its liabilities greater than they appeared in the statements. The plaintiff in error admitted making the statements, and explained that the good will of the business was included in the assets, and the purpose was to buy merchandise at lower prices to meet the competition of mail order houses and chain stores and to be able to pay their bills. He disclaimed any idea of buying a quantity of goods and not paying for them. He admitted the report to the state corresponded with the books, but claimed the figures were depreciated to actual values. The discrepancy in the liabilities he explained as being due to his ignorance of purchases by his brother at another store. He said he believed most of the merchandise was shipped before the statements were made. There are other details in the testimony, but it is not necessary to recite them.

The admissions of this defendant bore closely on a concession of guilt. But it was for the jury to determine the issues arising from his plea of not guilty, as the trial court was not authorized to instruct the jury that the evidence was conclusive against him, or direct a verdict of guilty. Cummins v. U. S. (C. C. A.) 232 F. 844; Bishop, New Crim. Proc. vol. 1, § 977.

Error is assigned upon the refusal of instructions to the effect that, unless the intent of the accused was to obtain property or goods without paying therefor, or if there was a reasonable doubt of such intent, the verdict should be not guilty. These requests were obviously framed on a misconception of the indictment, and were properly refused. A purchase of goods with the intention not to pay for them would be a fraudulent scheme. McConkey v. U. S. (C. C. A.) 171 F. 829; Tucker v. U. S. (C. C. A.) 224 F. 833; Evans v. U. S., 153 U. S. 584, 592, 14 S. Ct. 934, 38 L. Ed. 830. But in this case it was not even material whether the goods were so purchased; the essential intent being to obtain them on false representations. The indictment charged a different scheme and a complete offense under the terms of the statute. Bettman v. U. S. (C. C. A.) 224 F. 819; Brooks v. U. S. (C. C. A.) 146 F. 223; Wine v. U. S. (C. C. A.) 260 F. 911; Kaplan v. U. S. (C. C. A.) 229 F. 389; Looker v. U. S. (C. C. A.) 240 F. 932; Moore v. U. S. (C. C. A.) 2 F.(2d) 839; Wuichet v. U. S. (C. C. A.) 8 F.(2d) 561.

However, there was prejudicial error in a portion of the charge as given, to which we think a sufficient exception was saved. After

properly advising the jury that an intent to defraud must exist and how it might be found, the court added:

"For instance, the fact that they say now that they did not have a wrongful intent cannot necessarily prevail against what is the ordinary, usual and necessary result of their acts. Persons charged with a crime will be held to have intended the necessary result which follows from their acts. The law presumes that every man intends the legitimate consequences of his own act. Wrongful acts knowingly or intentionally committed can neither be justified nor excused on the ground of innocent intent. The color of the act determines the complexion of the intent, and the intent may be presumed and inferred from the result of the acts. In other words, if a man knows or should know, as a reasonable man, that the act which he is about to commit naturally, inevitably and necessarily will have the effect of injuring or defrauding another, and he voluntarily and intentionally and with full knowledge of all the circumstances does that act, then you will be justified in finding he had the necessary intent."

The main question for the jury was whether this defendant made the alleged representations with a fraudulent intent in fact. The government had the burden of proof. But by the language of the court the necessary intent was attributable to him from the result of his acts as a presumption of law, which, assuming it to be disputable, cast upon him the burden of disproving such intent. In Hibbard v. U. S. (C. C. A.) 172 F. 66, 18 Ann. Cas. 1040, a similar instruction was ably considered and held to be erroneous and not cured by other and proper instructions. It was error also to charge that the defendant might be found to have had a criminal intent from doing what he should have known as a reasonable man would naturally, inevitably, and necessarily injure or defraud another, as it justified a finding of such intent from a breach of duty or want of understanding, whereas, unfounded as the representations in this case appeared to be, the fact was but evidentiary upon the crucial issue of intent. Rudd v. U. S. (C. C. A.) 173 F. 912.

Exceptions are urged to the giving and refusal of other instructions, but we do not pass upon them, as the error we have noticed in the charge as given is sufficient to require a new trial. The judgment of conviction against the plaintiff in error is reversed; and the cause is remanded, with direction to grant a new trial.