UNITED STATES *v.* MILNER *et al.*

*(Circuit Court, N. D. Alabama, S. D.* September 3, 1888.)

1. CONSPIRACY—AGAINST UNITED STATES—INDICTMENT.

An indictment under Rev. St. § 5440, relating to conspiracies to commit an offense against or to defraud the United States, followed by an act of one or more of the conspirators to effect the object of the conspiracy, charging an intent to defraud the United States by obtaining the dismissal of certain suits which by law might be brought by the United States to recover certain lands "alleged to have been fraudulently and unlawfully obtained" from the United States, does not charge a conspiracy to defraud the United States, since the use of the word "alleged" renders the fraud an open question.

2. SAME.

An indictment charging a conspiracy with intent to defraud the United States by obtaining the dismissal or discontinuance of certain suits which by law might be brought by the United States, cannot be considered as charging a conspiracy to commit an offense against the United States, to-wit, bribery; there being no specific hint of such an offense, except in the allegations of acts done to effect the object of the conspiracy.

3. SAME—DESCRIPTION OF OVERT ACT.

An allegation that defendants tendered an agreement to pay money to certain federal officials, to-wit, the officers of court of the United States acting under the authority of the government of the United States for the Southern division of the Northern district of Alabama, is bad as a description of an act of one or more of the conspirators to effect the object of a conspiracy to defraud the United States under Rev. St. § 5440, being too indefinite to identify either the agreement or the tender, even were it clear whether the agreement was tendered to the officials or to somebody else.

4. SAME.

An allegation that defendants entered into an agreement which was corrupt, and with a bad intent, does not sufficiently describe the act done to effect the object of the conspiracy, since it fails to show whether the agreement was written or oral, active or passive, and leaves uncertain the matter and persons concerned.

5. SAME—TIME AND PLACE OF ACT.

The indictment must allege the time and place of the act done to effect the object of the conspiracy, so as to identify the act, and show that it post-dated the conspiracy, and was not merely a part of it.

On Demurrer to Indictment.

Rev. St. U. S. § 5440, under which defendants Willis J. Milner and others were indicted, is as follows:

"If two or more persons conspire to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than $1,000, and not more than $10,000, and to imprisonment not more than two years."

PARDEE, J.  The indictment contains two counts, and is based on section 5440, Rev. St. U. S., under which the offense consists in the conspiracy, which must be clearly and sufficiently charged, and, as charged in the indictment, cannot be aided by averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy.  *U. S. v. Britton,* 108 U. S. 199, 2 Sup. Ct. Rep. 531.  The two counts, so far

as any offense is charged, are identical, with the exception that in the first the conspiracy was with the intent to defraud the United States by obtaining the dismissal of certain suits, etc., and in the second the conspiracy was with the same intent by unlawfully obtaining the dismissal of certain suits, etc. In the light of *U. S.* v. *Britton, supra,* the offense charged in both counts is a conspiracy to defraud the United States. A claim was made in argument that the charge might be considered as conspiracy to commit an offense against the United States, *i. e.,* bribery, but there is in the indictment no specific hint of such an offense, except in those parts of the indictment charging acts done to effect the object of the conspiracy.

Considering, then, both counts as charging a conspiracy to defraud the United States, the question is first presented whether such conspiracy is sufficiently set forth. It has been decided in this circuit upon reason and authority that an indictment for a conspiracy should charge the object of the conspiracy, but need not charge the means to be employed. *U. S.* v. *Goldman,* 3 Woods, 187. Of course, in a conspiracy to effect a lawful purpose by unlawful means, the unlawful means constitute the object of the conspiracy to such an extent that they should be as fully set out as the nature of the case will permit. The object of the conspiracy, as charged in the two counts, is the intent to defraud the United States by obtaining the dismissal and discontinuance of certain suits which by law might be brought by the United States against certain parties to recover certain lands alleged to have been fraudulently and unlawfully obtained from the United States. Can a conspiracy with this object be said to be a conspiracy to defraud the United States? It depends upon whether the United States owns the certain lands, or whether the certain lands have been fraudulently and unlawfully obtained from the United States. If the United States does not own the certain lands, and they have not been fraudulently and unlawfully obtained from the United States, then it is difficult to see how the United States could be defrauded in any manner or for any purpose by a successful conspiracy to obtain lawfully or unlawfully the dismissal of certain suits to recover the certain land. In other words, unless the certain lands belong to the United States the conspiracy could not have defrauded the United States. The word "alleged" apparently vitiates each count. While the offense under section 5440, Rev. St., consists alone in the conspiracy, as held in *U. S.* v. *Britton,* yet by the terms of the statute that offense is not punishable unless one or more of the conspirators did some act to effect the object of the conspiracy. An act to effect the object of the conspiracy therefore becomes a material matter, and it must be alleged and proved with the usual certainty required in criminal pleading. See 1 Chit. Crim. Law, 169; *U. S.* v. *Cruikshank,* 92 U. S. 542; *U. S.* v. *Walsh,* 5 Dill. 58; *U. S.* v. *Martin,* 4 Cliff. 156.

It is with regard to the act done to effect the object of the conspiracy that there exists a difference between the two counts in the present indictment, and this renders it necessary to consider the counts separately as to the sufficiency of this charge. In the first count the "overt" act is

ambiguously charged; a reading of the same leaving a doubt whether it is meant that an agreement to pay money was tendered to certain federal officials, or an agreement to pay money to certain federal officials was tendered to said officials, or to some other person or persons. If this point were clear, then the count is objectionable, because it does not within the knowledge of the grand jury specify sufficiently to be the subject of proof, either the agreement or the persons or person to whom it was tendered. "Certain federal officials, to-wit, the officers of court of the United States acting under authority of the government of United States for the Southern division of the Northern district of Alabama," is a description too indefinite to identify either the agreement or tender, and to inform the defendant of the nature of the charge against him. Neither the matter nor charge is certain. In the second count the act to effect the object of the conspiracy is charged as the entering into a certain agreement by the conspirators. This agreement is charged as corrupt, and with a bad intent, but it is not specifically described. It is not charged as written or oral, active or passive, and is left uncertain as to matter and persons; all of which is of more importance, as the grand jury seems to have been fully advised of all the facts relating to the alleged act. In neither count is there any averment of time or place of the alleged "overt" act, which would seem to be necessary to identify the act, and to show the court and jury that the same post-dated the conspiracy, and was in fact an act, not a part of the conspiracy, but done to effect its object. I am clear that the demurrer to the indictment should be sustained, and judgment to that effect will be entered, but said defendants may be ordered held until the discharge of the grand jury at this term, to allow the case to be again considered.