## DALY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. May 19, 1909.)

No. 824.

CONSPIRACY (§ 43*)—INDICTMENT—OVERT ACTS.

In an indictment under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676). for conspiracy to commit an offense against the United States by bringing Chinamen into the country from Mexico in violation of the statute by means of a certain vessel, the provisioning of such vessel for the outward voyage and the sailing of such vessel from an American port to Mexico for the purpose of accomplishing the purpose of the conspiracy may be averred as overt acts.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 89; Dec. Dig. § 43.*]

In Error to the District Court of the United States for the District of Massachusetts.

John J. Coady (Harvey H. Pratt, on the brief), for plaintiff in error.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief), for the United States.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This indictment was framed under section 5440 of the Revised Statutes (U. S. Comp. St. 1901, p. 3676), as follows:

"If two or more persons conspire either to commit any offence against the United States, or to defraud the United States in any manner or for any purpose, and one or more such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars or to imprisonment for not more than two years, or to both fine and imprisonment, in the discretion of the court."

The substantial allegations of the indictment were that Daly, with one Springer, conspired to smuggle into the United States Chinese persons in violation of the statute. This was to be done with the aid of a vessel called the Freddie W. Alton, by voyage from Mexico to one of our ports. The overt acts alleged are that, first, Daly and Springer purchased at Boston certain provisions for the provisioning of the vessel on her outward voyage; second, that they sailed the vessel from Boston on the voyage to Mexico for the purpose of accomplishing a return voyage; and, third, that a certain telegram was sent containing instructions about the return voyage. There was a general verdict of guilty, upon which sentence was imposed against both Springer and Daly. Daly sued out a separate writ of error, as he had a right to do.

The only error relied on is that each of the alleged overt acts is too remote to be an "act" within the purview of the statute. If either one of them satisfies the statute, it is sufficient to sustain the judgment; the verdict having been a general one, as we have said. At least the provisioning of the vessel and the sailing of her to Mexico

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

170 F.—21

are within the natural reading of the statute, and we know of no reason why we should not give that reading full effect. Neither of them is so remote as the overt acts which we held in Alkon v. United States to be sufficient in an opinion passed down on August 13, 1908, reported in 163 Fed. 810. In that case the alleged conspiracy was the storing away of goods with the intention that one of the conspirators, who owned the goods, should afterwards go into bankruptcy, and conceal them from his trustee. There not only the subsequent filing of the petition in bankruptcy, but also the concealing of the goods before the petition was filed, were alleged as overt acts and held sufficient, although, at the time the goods were stored away, the mere act of concealing would not have been criminal under the statute. Mr. Justice Woods, speaking for the court in United States v. Britton, 108 U. S. 199, 204, 2 Sup. Ct. 531, 534, 27 L. Ed. 698, referring to a conspiracy under the statute in question, said:

"This offense does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus pœnitentiæ, so that before the act done either one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute."

As well said by him, the conspiracy is the essence of the crime. The act done is a mere concrete indication of what lies behind it. We have no doubt the conviction was correct.

The judgment of the District Court is affirmed.