## POWERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4047.

1. **Indictment and information** ☞130—**Indictment may charge conspiracy to commit offenses under different statutes.**

An indictment for conspiracy may charge a conspiracy to commit acts constituting offenses under different statutes, and may in separate counts charge the same conspiracy to commit an offense under each statute, with pertinent overt acts.

2. **Indictment and information** ☞130—**Counts held properly joined in indictment.**

Counts charging conspiracies to violate the Prohibition Act and the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a) may be joined in one indictment, under Rev. St. § 1024 (Comp. St. § 1690), where the acts charged were not disconnected, but were part of the same scheme of unlawful possession and transportation of intoxicating liquor.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Criminal prosecution by the United States against Le Roy Powers, otherwise known as Roy Powers. Judgment of conviction, and defendant brings error. Affirmed.

Munter & Munter and Powell & Herman, all of Spokane, Wash., for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., of Spokane, Wash.

Before ROSS, HUNT, and MORROW, Circuit Judges.

MORROW, Circuit Judge. Plaintiff in error was convicted, with others, on the second count of an indictment charging conspiracy with other defendants named therein for violation of section 37 of the Penal Code (Comp. St. 10201). The indictment, the sufficiency of which is not questioned, contained four counts. Defendant was found not guilty on counts I, III, and IV. Omitting parts not material here, the second count, upon which plaintiff in error was convicted, with others, charges as follows:

Count II. That on or about the 1st day of May, 1921, in Ferry county, in the state and Eastern district of Washington, Cline Ledgerwood, Thomas Parker, J. Guy Dunigan, Jesse B. Cooke, alias Dick Cook, R. F. Carpenter, Le Roy Powers, and John Woods conspired together to commit acts made offenses by the Act of October 28, 1919 (41 Stat. 305), known as the National Prohibition Act, by aiding, abetting, and counseling certain persons engaged in the unlawful transportation of liquor, to transport intoxicating liquor from the Dominion of Canada into the United States, particularly into Ferry county, Wash.

After charging certain details of the conspiracy, the indictment alleges: That the said willful, unlawful, and felonious conspiracy, combination, and agreement was formed on or about the 1st day of May, 1921, in Ferry county, within the state and Eastern district of Wash-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ington, and that it was a part of the said scheme that the conspiracy was to be a continuing one, and it was continued in existence, operation, and execution from about the 1st day of May, 1921, until the 7th day of August, 1922; that in pursuance of the said unlawful and felonious conspiracy, combination, and agreement, and to effect the object of the same, the said conspirators did willfully and unlawfully perform and do the following overt acts: (1) That on or about May 24, 1922, the said conspirators assisted, aided, and abetted in the transportation of 10 cases of intoxicating liquor from the Canadian boundary line to Republic, in Ferry county, Wash.; (2) that on or about July 10, 1922, the said conspirators assisted, aided, and abetted in the transportation of 15 cases of intoxicating liquor from the Canadian boundary line to Republic, Ferry county, Wash.; (3) that on or about July 28, 1922, the said conspirators assisted, aided, and abetted in the transportation of 20 cases of intoxicating liquor from the Canadian boundary line to Republic, Ferry county, Wash.

The charge of a continuing conspiracy is for the same period of time and in all other particulars in almost identical language in all four counts. The errors assigned may be reduced to the single question, whether the indictment charges separate and distinct crimes, which cannot be joined in one indictment.

Plaintiff in error contends that, notwithstanding he was convicted only on one count of the indictment, and found not guilty upon the other three counts, this alleged error is available to him, for the reason that prior to going to trial he moved the court for an order setting aside and quashing the indictment on the ground that it alleged separate and distinct and specific offenses, alleged numerous and disconnected separate and distinct offenses and transactions specifically in counts III and IV of the indictment, and in the alternative, in the event the court should deny this motion, then the court should enter an order requiring the United States to elect whether it would proceed to trial upon counts I and II, or upon counts III and IV, of the indictment. The motion in its original form and in the alternative was denied. The objection was renewed upon motion for judgment of acquittal notwithstanding the verdict of the jury, and in arrest of judgment and upon motion for a new trial.

[1] Counts I and II each charge, as an element of detail, a conspiracy to commit acts made crimes by the Act of October 28, 1919 (41 Stat. 305), known as the National Prohibition Act. Counts III and IV each charge, as an element of detail, a conspiracy to commit acts made crimes by the Act of March 3, 1917 (39 Stat. 1069) known as the Reed "Bone Dry" Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c).

The plaintiff in error contends that these four counts, charging a conspiracy to commit the crimes defined in these two acts of Congress, cannot be joined together in one indictment. The crime charged against the defendant in each count of the indictment is the crime of conspiracy in violation of section 37 of the Penal Code, which provides as follows:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any pur-

pose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

The indictment charges a continuing conspiracy entered into by the defendants about May 1, 1921, in Ferry county, within the state and Eastern district of Washington, and continuing until August 7, 1922. The defendants are the same persons charged in all four counts. The separate counts charge these conspirators with different acts in carrying out the conspiracy within the period of its continuance, and in committing different overt acts within that period.

The conspiracy charged in counts I and II was an element of detail to commit acts made offenses and crimes by the Act of October 28, 1919, known as the National Prohibition Act; and the conspiracy charged in counts III and IV was an element of detail to commit acts made offenses and crimes by the Act of March 3, 1917, known as the Reed "Bone Dry" Amendment. But the crimes and offenses mentioned in all four counts in carrying out the conspiracy were within the period of the continuing conspiracy constituting the dominating crime of the indictment, and all the acts were to be committed in the same territory by the same persons, and the acts charged relate to the unlawful possession (count I), the unlawful possession and transportation (count II), and the unlawful transportation (counts III and IV) of intoxicating liquors. Reading these charges and overt acts as they are set forth in order in this indictment, they show that they constitute in fact but one offense, namely, a continuing conspiracy, with relevant and necessary detail and overt acts, committed during and within the period from May 1, 1921, to August 7, 1922.

[2] But, conceding that the indictment charges two separate and distinct offenses as contended by plaintiff in error, namely: (1) A conspiracy to violate the Act of October 28, 1919; and (2) a conspiracy to violate the Act of March 3, 1917—the same result would follow in dealing with the indictment at the trial. Section 1024 of the Revised Statutes (Comp. St. § 1690) provides for the joining in one indictment of separate counts two or more acts or transactions connected together, or two or more acts of the same class of crimes or offenses. The section is as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

It is said that these alleged acts, as set forth in the four counts, are numerous; but this is because of the scope and character of the conspiracy. It involved numerous acts—some in the elements of the conspiracy itself, and some in the overt acts charged to have been committed in carrying out the conspiracy. But the offense charged is a conspiracy, and not the overt acts in carrying it out. It does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. United States v. Britton, 108 U. S. 199, 204, 2 Sup. Ct. 531, 27 L. Ed. 698. That these acts were

not disconnected or separate, but part of the same scheme of unlawful possession and transportation of intoxicating liquors, is plain from the recitals. The scheme was to transport from time to time intoxicating liquors from the Dominion of Canada to points of distribution in the United States.

The defendant contends that the two acts of Congress, which the defendants are charged with the conspiracy to violate, are not of the same nature or class; that the Act of October 28, 1919, was passed pursuant to the Eighteenth Constitutional Amendment, while that of March 3, 1917, was passed prior to that amendment, and in the exercise of the control of Congress over interstate commerce. But both of these acts of Congress were in existence and concurrent in operation when the indictment was returned by the grand jury on August 22, 1922, and constituted at that time the law of the United States upon that subject of, and in relation to, the possession and transportation of intoxicating liquors. The two acts were unitary in purpose and administration. There are numerous cases where convictions have been had and sustained for conspiracy to violate more than one element of the law upon the same subject.

Admitting, then, that there are two conspiracies charged to have been committed within the period of the continuing conspiracy, it follows that they have been properly joined together under section 1024 of the Revised Statutes, and for the prosecution not to have done so would have justified the court in consolidating them in one indictment. It follows that the court was right in denying the several motions of the plaintiff in error to set aside and quash the indictment; to require the prosecution to elect whether it would proceed to trial upon counts I and II, or upon counts III and IV; the motion for a judgment notwithstanding the verdict of the jury; and the motion in arrest of judgment.

A motion for a new trial is not reviewable in the appellate court, except upon error assigned that the trial court abused its discretion denying the motion, which we do not find.

The judgment of the court below is accordingly affirmed.