STATE OF SOUTH DAKOTA, Respondent, v. HOLEN, et al, Appellants.

(257 N. W. 108.)

(File No. 7667. Opinion filed November 8, 1934.)

*Walter A. Gronna,* of Clear Lake, and *T. R. Johnson,* of Sioux Falls, for Appellants.

*Walter Conway,* Attorney General, *Ralph W. Arneson,* State's Attorney, Hamlin County, and *Herman L. Bode,* Assistant Attorney General, for the State.

CAMPBELL, J. Defendants were charged with the crime of embezzlement; the material portions of the information being as follows:

"That the Farmers State Bank, of Thomas, South Dakota, a corporation, was at all the times herein mentioned, a banking corporation, organized and existing under and by virtue of the laws of the State of South Dakota, with its principal place of business, at Thomas, in said State, formerly carrying on a general banking business until the closing of said bank on August 4, 1930.

"That at all the times herein mentioned, the said defendants were duly elected and qualified Directors of said bank, acting as such, and the defendant, Olaf M. Gorder, was Cashier of the said Farmers State Bank of Thomas, South Dakota, and as such directors they were in active charge and control thereof, and of its moneys, credits, books and affairs.

"That on or about the 8th day of January, 1929, at and in the County of Hamlin, and State of South Dakota, the said defendants, while acting in the capacity of Directors, together with other Directors of said bank, and in control of said bank as such Directors, and the notes, funds and property thereof, the said defendants did then and there commit the crime of embezzlement, by wilfully, unlawfully, feloniously and fraudulently diverting and appropriating to their own use, benefit and purpose, certain moneys and funds of said bank, in the sum of One Hundred Seventy-five and 00/100 Dollars ($175.00), without legal authority of the Directors of said bank, and with intent to injure and defraud the said Farmers State Bank of Thomas, South Dakota, and did then and there misapply and appropriate the funds and moneys of said bank, by the following means:

"That the said defendants did on or about the date aforesaid, cause to be entered in said bank a certain worthless and valueless paper, purporting to be a promissory note for the principal sum of Twenty-five Hundred Dollars ($2,500.00), dated Dec. 5, 1927, signed with the name of one W. W. Piper, which said pretended note and piece of paper, although without any value whatsoever, and so known to the defendants, was fraudulently and with intent to defraud said bank entered to the credit of account of interest earned, for the express purpose of treating the amount of said

note, and representing the face value thereof, as interest earned, and for the further express purpose of using said entry of said note for the purpose of declaring a dividend of seven per cent (7%), to be paid to the stockholders of said bank, including each of said defendants, who then and there by use of such fraudulent means, embezzled of the said bank, the said sum of One Hundred Seventy-five and 00/100 Dollars ($175.00) purporting to be taken by them as dividends, whereby the said amount was wholly lost to said bank, and the funds and property of the said bank were thereby depleted in that amount.

"That the misappropriation and embezzlement of said funds as aforesaid was not had in the due and lawful execution of the defendant's trust, and was without authority of the said Bank, or the Board of Directors thereof, and the said embezzlement was thereby committed to the profit and benefit of the said defendants, and with intent to injure the said bank, by depriving it of said money."

To this information defendants demurred upon the ground, inter alia, that the same did not describe a public offense. The demurrer was overruled, trial was had, and a verdict of guilty returned by the jury. Defendants again challenged the sufficiency of the information by motion in arrest of judgment, which motion was denied, and from judgment upon the jury verdict and a denial of their application for new trial defendants have appealed.

Sections 4227 and 8991, R. C. 1919, read respectively as follows:

"If any person being an officer, director, trustee, clerk, servant or agent of any association, society or corporation, public or private, fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust any property which he has in his possession or under his control in virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement.

"Every president, director, cashier, officer, teller, clerk, employee or agent of any bank who embezzles, abstracts, or wilfully misapplies or wrongfully diverts to his own use, through the use of accommodation notes or credits, any of the money, funds, credits or property of the bank, whether owned by it or held in trust;

who wrongfully withholds payment or remittance of the proceeds of any collection which may come into his hands; who, without authority of the directors, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, judgment or mortgage; or who makes any false entry in any book, report or statement of the bank or report or statement required by the provisions of this chapter, with intent to injure the bank or any person, or to deceive any officer of the bank, any one appointed to examine the affairs of the bank or any other person, shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not less than five nor more than twenty years."

Appellants urge that the declaration of a dividend by the directors of a bank, even when forbidden by law because there are no net profits properly applicable thereto (section 8989, R. C. 1919), can never under any circumstances, constitute embezzlement, abstraction, or willful misapplication under section 8991 (cf., U. S. v. Britton [1883] 108 U. S. 199, 2 S. Ct. 531, 27 L. Ed. 698, decided under U. S. Rev. St. § 5209 [see 12 USCA § 592], which was the source statute of our Code section 8991), and can never amount to a fraudulent appropriation of property in the possession or under the control of directors to uses or purposes not in the due and lawful execution of their trust. We think we need not decide that precise contention in the instant case.

The information charges that appellant Holen was a director of the bank; that appellant Gorder was both a director of the bank and the cashier thereof; and that "as such directors they were in active charge and control thereof and of its moneys, credits, books and affairs." It then further alleges, in substance, that the appellants, "together with other directors of said bank," were in control of the bank, as directors, and the notes, funds, and property thereof. The information then charges that the appellants committed embezzlement by fraudulently appropriating money to their own use "without legal authority of the directors of said bank" by causing certain worthless paper to be entered upon the books of the bank to the credit of the "interest earned account," so that the books would apparently justify the declaration of a 7 per cent dividend to stockholders, whereby appellants received

$175, "purporting to be taken by them as dividends whereby the said amount was wholly lost to the bank," and the information further alleges that such misappropriation was without authority of the bank or the board of directors thereof.

 So far as concerns the directors of a bank, such custody, control, and possession of the money, property, and affairs of the bank, as they have in their capacity as directors, does not reside in them as individual directors but collectively as a board of directors and their directorial action with reference to the affairs of the bank must be as a board. The number of directors of the Farmers' State Bank of Thomas is not alleged in the information, though it does appear therefrom that such bank had directors in addition to the appellants. There is no allegation in the complaint from which it can be said that these two appellants constituted a majority of the board of directors, or that their action as directors was in fact the action of the board of directors. From the allegation that the misapplication charged to appellants was without the authority of the board of directors of the bank, it seems a fair inference that the information intends, in substance, to allege that these appellants, being two of the members of the board of directors, and one of them being the cashier of the bank, put worthless paper in the bank and credited the face amount thereof to the earnings account, whereby the books of the bank showed a net profit, whereby the board of directors (presumably innocent of knowledge of the truth except for the two appellants) declared a dividend, which was paid, as a result of which declaration and payment by the board of directors appellants, with their guilty knowledge of the truth, received $175 of the bank's money. If that is intended to be the charge against the appellants, as it appears to be, we do not think the information states the offense of embezzlement. There is nothing in the information to show that the two appellants alone voted or declared the dividend or could have done so. There is nothing in the information to show that the directors who presumably did declare the dividend had any guilty knowledge that the net profit shown by the books was in fact fictitious. Without such guilty knowledge, to declare a dividend, even though in truth there are no net profits, is merely maladministration and does not constitute embezzlement. U. S. v. Britton, supra; Taylor v. Commonwealth (1903) 119 Ky. 731, 75 S. W.

244, 250. When money of a bank is appropriated to the payment of a dividend, the act of appropriation is by the board of directors and not by the individuals. The appropriation is made by the directors voting in favor of the dividend and it cannot be a criminal misapplication unless those so voting or a majority thereof participated in the declaration with knowledge that it was illegal and with fraudulent intent to convert.

"As appellant could not have alone voted and declared the dividends in question, and therefore could not by such vote or act have taken or converted the money charged, it is essential, to constitute his guilt, that all directors, or at least a majority of them voting in the affirmative, including appellant, if he voted or participated in the act, must have acted in declaring and paying the dividend, and appellant also in receiving it, with the knowledge that their act was illegal, that there were no such funds belonging to the corporation subject to that purpose, and that they each acted with the fraudulent purpose of converting to their own use, and to the use of each other respectively, the money of the corporation. For if the directors other than the appellant, through an honest belief in their right to do so, voted the dividend, although it could not have legally been done, the act was merely maladministration; it was not criminal; and, as the act of voting the dividend was the one by which that money was set apart to the stockholders, the knowledge or purpose of appellant in receiving it cannot alone make him guilty. United States v. Britton, 108 U. S. 193, 2 S. Ct. 526, 27 L. Ed. 701; Id., 108 U. S. 199, 2 S. Ct. 531, 27 L. Ed. 698; U. S. v. Harper (C. C.) 33 F. 471; U. S. v. Youtsey (C. C.) 91 F. 870. It is equally true that if the directors voting the dividend, other than appellant, did so with the guilty knowledge and purpose of committing a fraud upon the corporation, and of converting to themselves its assets, yet if appellant actually believed he had the right to receive it and appropriate it, and acted without fraud, he would not be guilty." Taylor v. Commonwealth, supra.

The most that is charged against the appellants, so far as we can discover from this information, is that they wrongfully and knowingly created a false picture in the assets and records of the bank, as a result of which the board of directors appropriated the money of the bank to dividend purposes which the board would not have done had they known the truth, as a result of which dis-

bursement and appropriation of the bank funds by the board of directors appellants benefited to the extent of $175. Whether such conduct on the part of appellants was or was not criminal under the laws of this state, we need not undertake to decide. In any event, appellants did not by such conduct commit the crime of embezzlement with which they now stand charged and the demurrer to the complaint should have been sustained.

This holding disposes of the appeal and we deem it unnecessary at this time to rule upon other contentions advanced by appellants. The judgment and order appealed from are reversed and the cause remanded for further proceedings in harmony with this opinion.

All the Judges concur.