**UNITED STATES of America**

v.

**Irving DEUTSCH, Appellant,
Jerome Deutsch, Appellant.**

**Nos. 12003, 12004.**

United States Court of Appeals
Third Circuit.

Argued Jan. 10, 1957.

Decided April 19, 1957.

Marvin Comisky, Philadelphia, Pa., for appellant.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal by two individuals from their conviction of violation of that provision of Section 371 of Title 18, United States Code, which makes it a crime to "conspire \* \* \* to commit any offense against the United States."

The principal argument before us has been whether the evidence sufficiently established and the trial judge adequately explained the essential elements of a conspiracy fraudulently to transfer and conceal property in contemplation of bankruptcy. However, we find a difficulty at the very threshold of inquiry to which neither party has alluded either in the trial court or on this appeal. The charging portion of the indictment itself fails to designate or in any appropriate way

describe any conspiracy in which the defendants are said to have joined.

The indictment was drawn in two counts. The first count charged a substantive offense, to wit, that the "defendants did, * * * while said corporations were then and there bankrupt, knowingly, willfully, unlawfully, fraudulently and feloniously conceal a portion of the bankrupts' estate from said * * * receivers * * *." However, at the conclusion of· the trial and on motion of the prosecutor, the court dismissed this substantive charge of actual concealment of assets from receivers during bankruptcy.

The defendants were convicted solely on the second count which purported to charge a conspiracy. The charging portion of this count reads:

> " * * * defendants, did unlawfully, willfully and knowingly combine, conspire, confederate and agree together and with each other and with divers other persons, whose names are unknown to the Grand Jurors, to commit offenses against the United States, and more particularly, with intent to defeat the Bankruptcy Law (Title 18 U.S.C. Section 152), and while the said corporations were then and there bankrupt, did knowingly, willfully, unlawfully, fraudulently and feloniously conceal a portion of the bankrupt estate from the said receivers in violation of Title 18 U.S.C., Section 371."

■■ As we understand it, this language charges two things, a conspiracy and a course of action. The charge of conspiracy is in itself a wholly inadequate generality, stating merely that the defendants "conspired to commit offenses against the United States." What follows says nothing about conspiracy or agreement but rather charges substantive activity of the defendants after bankruptcy in actually concealing assets from the receivers. Indeed, the charge here is the very offense described in the first count which was dismissed. It may

well be that the government intended to charge that the defendants conspired to do these substantive ˙wrongs, but we think a statement that the substantive offense has been committed cannot reasonably be substituted for or treated as the equivalent of a statement of conspiratorial agreement in connection therewith. This is not to deny that substantive conduct such as is alleged in the concluding part of the present count may afford impressive evidence of some properly charged scheme or agreement. But the allegation of such evidentiary matter is no substitute for charging the essence of the conspiracy itself. Hamner v. United States, 5 Cir., 1943, 134 F.2d 592; cf. United States v. Britton, 1883, 108 U.S. 199, 2 S.Ct: 531, 27 L.Ed. 698; Joplin Mercantile Co. v. United States, 1915, 236 U.S. 531, 35 S.Ct. 291, 59 L.Ed. 705.

Certainly no escape from this argument would have been possible had the defendants interposed any timely challenge to the sufficiency of the second count of the indictment. However, the defendants went to trial and the case was submitted to the jury, all parties apparently assuming that the defendants were charged with a conspiracy, the scope and content of which were indicated by the statement of substantive misconduct which had been included as part of this conspiracy count. It is therefore arguable that the objection has been waived, although the need for defining the scope of jeopardy and of placing issues in intelligible focus for review militate against that contention. But even if we assume that after verdict the totality of allegations in the second count may be viewed as a sufficient, if garbled, charge of some conspiracy, the government still faces an insuperable difficulty.

To place this difficulty in perspective we first observe that several distinct substantive crimes are defined in the Bankruptcy Act. Two are relevant here. First, "[w]hoever knowingly and fraudulently conceals from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in

any bankruptcy proceeding, any property belonging to the estate of a bankrupt" is guilty of a crime. 18 U.S.C. § 152. Another clause of the same section makes it a crime " * * * while an agent or officer of any person or corporation, and in contemplation of a bankruptcy proceeding by or against such person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently [to] transfer or conceal any of the property of such person or corporation; * * *." Of course these are separate wrongs. Miller v. United States, 6 Cir., 1942, 125 F.2d 517.

■ If the present complaint can be viewed as sufficiently charging any conspiracy, we think it must be a conspiracy to commit the first rather than the second of the above defined substantive crimes. For, it will be noted that the description of the wrong charged in this indictment, whether viewed as a conspiracy or as a substantive crime, is related in time to an actual bankruptcy. If a conspiracy is charged it is charged as occurring "while the said corporations were then and there bankrupt", and it is defined in terms of concealment of "a portion of the bankrupt estate from the said receivers." But the government's evidence and the court's instructions to the jury were concerned with proof of a scheme in contemplation of bankruptcy without any showing that the conspiratorial design persisted into a period of actual bankruptcy. Indeed, it has been the burden of the government's argument to us that a conspiracy to conceal or transfer corporate assets in contemplation of bankruptcy need not be shown to have persisted into a period of actual bankruptcy. However that may be under an indictment charging conspiracy in contemplation of bankruptcy, the argument has no application here simply because the indictment most liberally construed, makes no such charge. At the same time, wrongdoing during bankruptcy, which is explicitly charged, has not been proved. We state this without discussing the evidence because we think this failure of proof is clear beyond question. Indeed,

it seems to have been recognized by the prosecution. Witness the dismissal of the first count, apparently because wrongdoing during bankruptcy had not been proved, on a government motion at the conclusion of the testimony.

We think the foregoing analysis reveals two deficiencies, one in the indictment and the other in proof. We decide this case on the basis that, even if the indictment can be viewed after verdict as a sufficient conspiracy charge, its language does no more than to suggest the existence of some scheme during bankruptcy to conceal part of the estate from a receiver, and this the government did not prove.

The judgments will be reversed and cause remanded with directions that the defendants be acquitted on the second count of the indictment.