**UNITED STATES of America,
Plaintiff,**

v.

**Syl C. SORENSEN, Defendant.
Crim. No. 518.**

United States District Court,
D. Montana,
Billings Division.
Aug. 12, 1971.

Keith L. Burrowes, Asst. U. S. Atty., District of Montana, Billings, Mont., for plaintiff.

James P. Murphy, Berger, Anderson & Sinclair, Billings, Mont., for defendant.

## OPINION AND ORDER

BATTIN, District Judge.

Based on a stipulation of facts by both parties, defendant moves the court to dismiss the complaint for failure to state a criminal charge against defendant. Defendant was indicted on 37 counts. Each count involved an expense, alleged to have been for defendant's personal activities. All counts charged a violation of 18 U.S.C. § 656.[1]

---

1. For example, Count One states: "That on or about the 23rd day of December, 1968, in the State and District of Montana, SYL C. SORENSEN, being an officer, that is, President of the Bank of Bridger, Bridger, Montana, a bank insured under Federal Deposit Insurance Corporation Certificate #15333–0, wilfully and knowingly, and with intent to injure and defraud the bank, did embezzle and misapply the sum of $21.30, of the funds and credits of the bank, by charging personal gasoline and related items of expense with Humble Oil Company to the bank and having the bank pay for them, in violation of Title 18 U.S.C. § 656." The balance of the counts are phrased in the same language with changes only for dates and expenses.

After dismissal without objection, upon motion of the United States, of a majority of the counts in the original indictment, leaving fourteen counts remaining,[2] defendant and plaintiff stipulated that at least some of the expenses charged in the indictment were personal expenses of defendant. It is further stipulated that these expenses were submitted to the bank for payment, that they were paid with bank funds, that they were then approved by the Board of Directors at regular meetings of that body, that during the time period included in the indictment, defendant was entitled to all of the earnings of the Bank of Bridger, that during the same time period defendant was President of the Bank of Bridger, and that the undivided profits of the bank increased during the period of defendant's presidency.

■ In order to convict defendant under Title 18 U.S.C. § 656, plaintiff must prove that (1) defendant was an officer of (2) a particular type of federally connected bank, (3) that he wilfully misapplied funds of that bank, and (4) that he made this misapplication with intent to injure or defraud the bank. United States v. Vannatta, 189 F.Supp. 939 (D.Hawaii, 1960). Assuming *arguendo* that the first three elements of the offense charged are proved by the stipulation of facts, it does not follow that defendant is guilty. Rather, the element of intent to defraud or injure the bank must be shown to have existed. United States v. Mulloney, 8 F.Supp. 674, 677 (D.Mass.1934). As the court stated in Johnson v. United States, 95 F.2d 813, 816 (4th Cir. 1938):

"It is settled by the decisions of the courts that the misapplication condemned by the statute is something more than an irregular or improper use of the bank's funds. Fraud must be found * * *."

It is the element of fraud which, under the stipulated facts, is the crux of the issue before the court.

The nature of the intent of defendant which must be proved is that he acted with an intent to injure or defraud the bank. Giragosian v. United States, 349 F.2d 166 (1st Cir. 1965). In *Giragosian,* the court found that

"As a minimum, in order to be guilty of this crime [violation of 18 U.S.C. § 656], * * * [the bank officer] must have acted with such a reckless disregard of the bank's interests as to justify a finding of an intent to injure or defraud it. (Citing cases.) The requisite intent may, of course, be inferred from the facts and circumstances of the case." *Giragosian, supra,* at 168–169.

In Robinson v. United States, 30 F.2d 25, 27 (6th Cir. 1929), the court, in examining the facts from which the required intent could be found, held that if a bank officer takes money by a false pretense from the bank for an intended misapplication, " * * * the inference of intent to injure or defraud, in the statutory sense, cannot be avoided."

■ The fact of injury is also used to show intent to defraud or injure the bank. While it is not necessary that the Government prove an *actual* loss to the bank from the misapplication of funds, United States v. Fortunato, 402 F.2d 79 (2nd Cir. 1968), there must be a *probability* of loss sufficient to warrant finding beyond a reasonable doubt that there was an intent to injure or defraud the bank, *Mulloney, supra,* 8 F.Supp. at 677. As was said by the court in Galbreath v. United States, 257 F. 648, 656 (6th Cir. 1918):

"A wrongful misapplication of funds * * * is none the less a violation of the statute, if the necessary effect is or may be to injure or defraud the bank."

■ When the facts of this case are considered in light of this precedent, the question for determination is whether there is, as a matter of law, insufficient evidence for a jury to find the

2. The remaining counts are numbers 4, 5, 16, 17, 18, 21, 22, 23, 25, 27, 28, 31, 35 and 37.

necessary intent. According to the stipulated fact statement, defendant presented the expenses in question to the bank for payment and to the Board of Directors for approval, which was given. In terms of *Robinson, supra,* there cannot be said to have been any "false pretense" in taking the money from the bank, with which to support a finding by the jury of the requisite intent.

In addition, the defendant was entitled to one hundred per cent (100%) of the earnings of the bank during the period in question. The expenses in the remaining counts of the indictment total $1,808.42, while the undivided profits of the bank during that same time period increased.

There was, therefore, not an actual loss to the bank or to the depositors. Because of the small amount of defendant's personal expenses paid by the bank compared to an overall increase in the undivided profits of the bank, it can be said as a matter of law that there was not a sufficient probability of loss to the depositors of the bank from which the requisite intent to defraud or injure the bank may be inferred.

When the defendant's position as owner of all of the earnings of the bank is considered, the use of bank funds for defendant's personal expenses appears merely as a use of funds to which he was, in the final analysis, exclusively entitled. Consequently, through his use of the funds while they were in the bank's possession, defendant merely reduced by that amount the dividends to which he was entitled upon declaration.

■ Moreover, in oral argument, the court was advised by counsel for both parties that defendant had made full restitution for his expenses which had been paid with bank funds. While this would not of itself vitiate the crime, it does constitute another fact to consider in determination of defendant's intent. As the court said in Seals v. United States, 221 F.2d 243, 249 (8th Cir. 1955),

" * * * financial responsibility and repayment are material considerations on the issue of intention to defraud. United States v. Wicoff, 7th Cir., 187 F.2d 886; United States v. Klock [2 Cir., 210 F.2d 217]; United States v. Matot [2 Cir., 146 F.2d 197]."

Defendant argues further in support of his motion to dismiss that there could have been no offense within the meaning of 18 U.S.C. § 656 because the Board of Directors of the bank approved the use of bank funds for the expenses of defendant in question.

Case authority differs on the surface with regard to the effect of consent to an action by the board of directors. In United States v. Morse, 161 F. 429, 435 (C.C.S.D.N.Y.1908), the court held that it was impossible to give authority to commit a crime. It has further been held that subsequent knowledge of a bank officer's act by the board of directors and implied consent thereto by their inaction could not be construed as altering the criminal character of the action by the bank official. Rieger v. United States, 107 F. 916, 925 (8th Cir. 1901). In both *Rieger* and *Morse,* the Board of Directors took no affirmative action in affirming the action of the bank official.

In United States v. Martindale, 146 F. 280 (D.Kan.1903), the court, relying on United States v. Britton, 108 U.S. (18 Otto) 199–207, 2 S.Ct. 531, 27 L.Ed. 698 (1883), held that an indictment was insufficient if it did not allege that the discount of the note was without the knowledge or consent of the board of directors. The *Britton* case stated that,

"If an officer of a banking association, being insolvent, submits his own note, with an insolvent indorser as security, to the board of directors for discount, and they, knowing the facts, order it to be discounted, it would approach the verge of absurdity to say the use by the officer of the proceeds of the discount for his own purposes,

would be a willful misapplication of the funds of the bank, and subject him to a criminal prosecution." *Britton,* at 199–207, 2 S.Ct. at 529. See also, United States v. Youtsey, 91 F. 864 (C.C.Ky.1898).

The distinction in this approach is that it is within the discretion of the board of directors to extend credit or discount a note of a bank officer, even though it may be in bad judgment to do so. Similarly, in the instant case, the Board of Directors of the Bank of Bridger had the authority to approve and did in fact approve payment by the bank of all of the expenses of defendant in question. Consequently, there was no wrongful misapplication of funds, since the board of directors could have at any time disapproved the expenses which had been paid by the bank and defendant would have then had to repay the bank or be subject to a misapplication. If the board felt that the expenses in question were not proper for payment by the bank and did not disapprove these expenditures, then they are guilty at a minimum of maladministration.

If defendant was guilty of a violation of 18 U.S.C. § 656 for misapplication of bank funds, then it would appear that the other members of the board of directors were guilty of aiding and abetting this violation.

By this opinion and order the court does not approve of the practices used by the defendant in the operation of the bank's business but passes only upon the question of whether the practice in this particular fact situation is a crime under the U. S. Code. Each case must be decided upon its own facts.

It is the opinion of the court that as a matter of law the proof which would be offered by the United States is not sufficient under the stipulated facts to support conviction of the defendant for violation of the section charged.

It is therefore ordered and adjudged that defendant's motion to dismiss is granted.